**Brady v. Llewellyn Kennels, Inc.**

*Milton Becket,* for plaintiffs.

*William B. Quinn,* of *Prutzman & Quinn,* for defendant.

HEIMBACH, P. J., September 16, 1971.—Plaintiffs' complaint, summarized, avers they entered into an oral agreement with defendant for the purchase of a dog warranted by defendant to be obedience trained, perimeter defense trained, with show quality, for the sum of $700.00, which they paid. The dog was delivered to and accepted by plaintiffs, who, after keeping the dog for three days, found the dog was not as represented and returned the dog to defendant. In this assumpsit action, based on a breach of warranty, they seek to recover the $700.00 paid, plus transportation charges.

Defendant filed preliminary objections to plaintiffs' complaint, saying:

"Plaintiffs' cause of action is based upon an oral contract for the sale of a Doberman Pinscher dog of the value of upwards of five hundred dollars, and said contract can not be the basis for suit by the provision of the Statute of Frauds (12-A PS §2-201)."

Thus, the sole issue we are called upon to determine is whether the contract is one protected by the statute of frauds.

Section 2-201 of the statute provides:

"(1) Except as otherwise provided in this section a contract for the sale of goods for the price of $500 or more is not enforceable by way of action or defense unless there is some writing sufficient to indicate that a contract for sale has been made between the parties

and signed by the party against whom enforcement is sought or by his authorized agent or broker. A writing is not insufficient because it omits or incorrectly states a term agreed upon but the contract is not enforceable under this paragraph beyond the quantity of goods shown in such writing."

(3)(c) of the same section provides:

"(3) A contract which does not satisfy the requirements of subdivision (1) but which is valid in other respects is enforceable . . .

"(c) with respect to goods for which payment has been made and accepted or which have been received and accepted (Section 2-606)."

It appears clear to us that subsection (3)(c) must be applied in the present proceeding. We must accept for the purpose of acting on defendant's preliminary objections the statements in plaintiffs' complaint as true, viz., that plaintiffs paid $700 for the dog under an oral agreement, as hereinbefore set forth.

Having found this oral contract pleaded is not affected by the statute of frauds, we enter the following

## ORDER

Now, to wit, September 16, 1971, defendant's preliminary objections are dismissed, with leave given to defendant to file a responsive answer within 20 days hereafter.